Daniel, Judge.
 

 In this case, there are several questions submitted for the decision of this court, arising upon the construction of the last will of Redding Simms.' First. Does the residuum, after paying debts, belong to the plaintiffs, who were the only children and next of kin to Joel Simms at the death of the testator ? The residuary clause is in these words; “ the balance of my property, consistingof stock, of horses, cattle, hogs, and sheep, with all my household and kitchen furniture, plantation utensils, with my crop of corn, fodder, wheat and cotton, I leave with my executors, out of which, my just debts are to be paid; and the residue, if any, I give to Joel Simms’s lawful heirs; one mule excepted, which I give to Bury D. Simms.” The testator takes notice that Joel Simms was alive at the making of the will: he devises and bequeaths to him lands and slaves. There can be no doubt that the testator did not intend that the words “ lawful heirs,” should be taken in their technical meaning, but he meant'to designate a class of persons, who should take immediately on his death. That class of persons must be either the next of kin of Joel Simms, or the children of Joel Simms; and in this case it •is not material which, since the next of kin to Joel Simms
 
 *395
 
 were his children — the plaintiffs. It is always a question of intention, as to the meaning of a testator in the use of the word “ heirsif it appear that the intent was for the heir properly and technically such, to take the personal estate, there can be no objection to his title. 1 Roper on Leg. 88.
 
 Gwynne
 
 v.
 
 Maddock,
 
 14 Ves. Jun. 488.
 
 Britton
 
 v.
 
 Twining,
 
 3 Mer. 176.
 
 Mounsey
 
 v.
 
 Blamire,
 
 4 Russell, 384. But the intention here is plainly, that Joel Simms’s next of kin, or children, at the death of the testator, should take this partial residue, if any, and so we determine. Secondly, Bury Simms, Jun. the son of Joel Simms, born after the death of the testator and after the time when this fund, (the partial residue) was in law to be divided, is not entitled to a share of this fund. The rights of legatees, are finally settled and determined at testator’s death, when the legacy is due. 1 Roper on Leg. 48, 49; and the authorities there cited.
 

 Third question. Testator bequeathed a legacy in money and slaves, to his brother John Simms. John Simms died in the lifetime of the testator, and the legacy lapsed. The plaintiffs claim this fund as residuary legatees. Are they entitled to it ? It does not appear from anything said in the will, that the testator contemplated the possibility of any of the legatees dying in his lifetime. If the plaintiffs were general residuary legatees, they would be entitled, not only to what remains after payment of debts and legacies, but also to whatever may by lapse, invalid disposition, or other casualty, fall into the residue, after the date and making of the will.
 
 Bird
 
 v.
 
 Le Fevre,
 
 15 Ves. Jun. 589.
 
 Roberts
 
 v.
 
 Cooke,
 
 16 Ves. Jun. 451.
 
 Smith
 
 v.
 
 Fitzgerald,
 
 3 Ves. & Beames, 3.
 
 Leak
 
 v.
 
 Robertson,
 
 2 Mer. 392. 5 Mad. 412. 2 Roper on Leg. 453.
 

 But when the legatee is not generally, but only partially residuary legatee, he will not, in that character, be entitled to any benefit from lapses, though very special words are required to take a bequest of the residue out of the general rule. 2 Jac. & Wal. 406, per Lord Eldon. 2 Roper on Leg. 457. It sometimes happens that a testator appoints a residuary legatee of a partial residue, and not of the general undis-
 
 *396
 
 posed of surplus of his personal estate, in which case, of . course the residuary legatee, of such partial residue, will not be entitled to lapsed interests; as where a testator directs a certain leasehold house, and the furniture and effects thereto belonging, to be sold, and out of the produce, certain legacies to be paid, adding words to this effect; “ if any thing remains,” or “ what is left to B.in such case, B. will only be entitled as residuary legatee of the fund specified, and not of the general residue. 2 Roper on Leg. 558. So here, the testator bequeaths “ the balance of my property, consisting of stock, of horses,” &c. enumerating the particular articles, which particular property, he charges with his debts, and then in and at the foot of the same clause, he goes on to say, “ and
 
 the
 
 residue, if any, I give to Joel Simms’s lawful heirs.” The words
 
 “
 
 residue if any,” must of necessity be understood to refer to the particular fund made from the particular articles just above enumerated. So that it seems to us, that the plaintiffs are residuary legatees of a partial residue, and not of the whole undisposed of surplus, of testator’s personal estate.
 
 Frazer
 
 v.
 
 Alexander,
 
 2 Dev. Eq. Rep. 348. We are therefore of the opinion that the plaintiffs are not entitled in their character of residuary legatees to the fund which fell in by the legacy of John Simms lapsing; but the same is undisposed of, and belongs to the next of kin of the testator, and goes according to the statute of distributions.
 

 Fourth question. Testator, by a clause in his will, bequeaths as follows: “ I leave to my beloved mother Martha Simms, one negro woman, during her natural life, by the name of Sally; and at her death, I give her to Joel Simms’s lawful heirs.” Martha Simms is dead, and the slave Sally has been sold by the executors, and the money is now in court. Are the plaintiffs entitled to this fund
 
 1
 
 or are they entitled to it with their brother Berry Simms, who was born during the life of Martha Simms, the tenant for life ? or is the fund undisposed of by the will, and tobe distributed as in a case of intestacy. It has been before remarked, that the testator knew that Joel Simms
 
 *397
 
 was alive, for he bequeathed him a legacy; and, therefore, did not mean to be understood by the words “ lawful heirs,” when used in his residuary bequest, (which bequest was to take effect at his death) as intending heirs of Joel Simms, according to the technical meaning of that word; and although the inference is less strong upon this clause of the will, than in the other, that the testator, by using those words, intended that the next of kin, or children of Joel Simms, should take in remainder, yet in our opinion, the inference of intention is sufficiently strong to induce us so to construe the words; for he has used the same words in the same way, in different parts of his will. We therefore must understand, that he intended that they should convey the same meaning when used in one and every clause of his will. We think that the children of Joel Simms (being his next of kin,) will take this fund, as legatees in remainder; and we are of the opinion,
 
 that
 
 Berry Simms, Jun. is entitled to a share of the money produced by the sale of the slave Sally, he being
 
 in esse,
 
 at the time the law required the fund to be divided. If the words “ Joel Simms’s lawful heirs,” could be made to mean, Joel Simms’s children, then there would be no doubt but that Berry (born during the life of the the tenant for life,) would take.
 
 Knight
 
 v.
 
 Wall,
 
 determined at this term. But take the words “ lawful heirs” to mean next of kin of Joel Simms, then the words in the clause in question, “ and at her death (viz. Martha’s death) I give her (slave Sally) to,” &c., show an intention in the testator, that the next of kin of Joel Simms, living at the death of Martha the tenant for life, should take the fund in remainder. As in the case of
 
 Long
 
 v.
 
 Blackall,
 
 3 Ves. 484, where testator gave leasehold property upon the death of his last surviving son, without leaving issue male, &c. (to whom he had limited the estate) “ to such persons as should then be his (the testator’s) legal representatives.” The event happened upon which its last limitation was to take place; and it was determined, that the testator’s next of kin, living at the death, of the survivor of the sons, were entitled. Vide also 1 Roper
 
 *398
 
 on Leg. 124. We are of the opinion that the fund by the sale of the slave Sally, belongs
 
 to
 
 the plaintiffs and their brother, Berry Simms, Jun.
 

 Per Curiam. Decree accordingly.