CLARK *v.* COX.

EDWARD T. CLARK vs. W. R. COX et al.

*Limitations of Trust—Executory Interests in Land—Vested and Contingent Remainders—Shifting Use—Descent and Purchase.*

1. Unless the creator of a trust clearly intends otherwise, its limitations must be construed according to the rules applicable to limitations of a strictly legal character.

2. The distinction between a contingent and vested remainder is that if the conditional element is incorporated into the description of the gift to the remainderman, then the remainder is *contingent*, but if after the gift of a vested interest a clause is added divesting it, the remainder is *vested*.

3. Where the person who is to take is certain, but the event is uncertain, a contingent remainder, conditional limitation, or executory devise, is transmissible by descent.

4. A deed conveyed land in trust for the use and behoof of L. for life, then for the use of any child of L. living at her death, and in case no such child should be living, then for the use of L. C., A. N., O. N. and R. N., their heirs and assigns; and if one or more of the latter should die before such contingency should take place without leaving any child or children then living, then to the use of the survivor or survivors of them the said L. C. and A. N., O. N., and R. N., their heirs and assigns forever. L. died without having had issue; A. N. and R. N. predeceased L., leaving no issue. L. C. and O. N. also predeceased L., but left issue. In an action for partition of the lands: *Held*, that the limitation to L. C. and the others was a contingent defeasible fee with an inheritable quality, which, upon the death of L. without issue, descended to the heirs of L. N. and O. N. (the interests of A. N. and R. N. having shifted simultaneously with their death to L. N. and O. N.), and as the heirs of L. N. and O. N. take by descent, and not as purchasers, the division must be *per stirpes* and not *per capita*.

This is a PROCEEDING FOR PARTITION tried before *Bynum, J.*, at HALIFAX, and the facts were as follows:

On the 13th day of January, 1807, James Smith executed a deed in trust to David Clark containing the following provision: "To have and to hold the said tract or parcel of land and all and singular the premises above mentioned to the said David Clark and his heirs for the uses and purposes hereinafter mentioned, that is to say, in trust for the use and behoof of the said Lucy S. Norfleet during her life, then for the use and behoof of such child or children as she, the said Lucy S. Norfleet, may have living at the time of her death; and in case the said Lucy S. Norfleet should die without leaving any child or children living at the time of her death,

CLARK *v.* COX.

then in trust for the use, benefit and behoof of Louise Clark, Ann S. Norfleet, Olivia Norfleet and Rebecca Norfleet, their heirs and assigns; and if one or more of them, the said Louise Clark, Ann S. Norfleet, Olivia Norfleet and Rebecca Norfleet, should die before such contingency shall take place without leaving any child or children then living at the time of her or their death, then to the use and benefit of the surviving or survivors of them, the said Louise Clark, Ann S. Norfleet, Olivia Norfleet and Rebecca Norfleet, their heirs and assigns forever." ·Lucy S. Norfleet intermarried with Weldon N. Edwards, and died May 2, 1892, without having had any issue. Ann S. Norfleet and Rebecca Norfleet died during the lifetime of Lucy S. Edwards, *nee* Norfleet, without leaving any child or descendant. Louise Clark died during the lifetime of Lucy S. Edwards, and her grandchildren and great-grandchildren are the plaintiffs. Olivia Norfleet intermarried with Thomas Cox, and died during the lifetime of Lucy S. Edwards, and her children and grandchildren are the defendants. A petition was filed by the plaintiffs against the defendants for a sale of the land conveyed upon trust by James Smith, for partition, and the land sold. Judgment was rendered decreeing the division of the fund among the plaintiffs and defendants *per stirpes*, and from this judgment the plaintiffs appealed. .

*Messrs. R. O. Burton* and *E. 1. Clark*, for plaintiffs (appellants).

*Mr. 1homas N. Hill*, for defendants.

SHEPHERD, C. J.: It is contended on the part of the plaintiffs that Louise Clark and Olivia Cox, *nee* Norfleet, who died during the lifetime of Lucy S. Edwards, *nee* Norfleet, took no interest under the deed in trust that could be transmitted by descent; that their heirs, who are·plaintiffs and defendants, took as purchasers individually as if they had been named

in the said deed, and that the fund should therefore be divided *per capita* and not *per stirpes.*

A perusal of the deed very clearly shows that it was not made *in ops consilii,* and the language used by the draftsman has such a definite and legal significance that but little difficulty is experienced in arriving at the intention of the donor. It may also be observed that in limitations of a trust "the construction of limitations ought to be made according to the construction of limitations of a legal estate, unless the intent of the testator or author of the trust plainly appears to the contrary." Fearne Cont. Rem., 125; *Starnes* v. *Hill,* 112 N. C., 1. As there is nothing in the deed from which we can infer that the terms therein employed were to be understood in any other than their technical sense, we must determine the limitations under consideration according to the rules of common law applicable to limitations of a strictly legal character. Conceding the authority of *Holmes* v. *Holmes,* 86 N. C., 205, commented upon in *Fulbright* v. *Yoder,* 113 N. C., 456, and treating that case as the single exception to the rule above mentioned, we have in this case a limitation to Lucy S. Norfleet for life, and a remainder in fee to such of her children as might be living at her death. As she had no children at the time of the execution of the deed the remainder to them was contingent, and as, in the event of her dying without children, a remainder was limited to Louise Clark, Ann. S. Norfleet, Olivia Norfleet and Rebecca Norfleet, and their heirs, there was a limitation of two concurrent fees by way of remainder as substitutes or alternatives, one for the other, the latter to take effect in case the prior one should fail to vest in interest, and this limitation is called "a limitation by way of remainder on a contingency with a double aspect." *Watson* v. *Smith,* 110 N. C., 6. It must be noted that the limitation to Louise Clark and her sisters above named was a limitation to them and their heirs, and not to those who should survive; and had there been

no limitation to the children of Lucy S. Norfleet, the life-tenant, these sisters would have taken a vested remainder, subject to be divested as to those who should die without children before the death of the said Lucy, their shares going by way of shifting use to the surviving sister or sisters in fee. "Thus on a devise to A for life, remainder to his children, but if any child die in the lifetime of A his share to go to those who survive, the share of each child is said to be vested subject to be divested by its death. But on a devise to such of his children as survive him, the remainder is contingent. The distinction is that if the conditional element is incorporated into the description of the gift to the remainderman, then the remainder is contingent; but if, after the word giving a vested interest, a clause is added divesting it, the remainder is vested." Gray on Perpetuities, 108; *Starnes* v. *Hill, supra.* So where a devise was to "A for life, with a devise over of all property that might be left at A's death to the testator's four children, by name, with a provision that if any of the four children died before A the property should be equally divided among the survivors, 'except they should leave issue,' and in that case to go to the issue, it was held to be a vested remainder in the four children. If it had been construed to be a devise to such of them as survived A it would have been a contingent remainder. It was held, moreover, to be a devise in fee, subject to be divested upon the happening of a condition subsequent with a limitation over upon the happening of that contingency." 2 Wash. R. P., 3d Ed., 510.

The foregoing authorities are referred to for the purpose of showing that, in contemplation of law, there was no uncertainty as to the persons who were to take upon the happening of the contingency, that is, the death of the life tenant, Lucy F. Norfleet, without leaving children. This being so, it follows that each of these sisters took such a contingent interest as was transmissible by descent, as it is well

115—7.

settled that "executory interests in real property, which are not contingent on account of the person, descend to the heir of persons to whom they are limited, * * * where they die before the contingency happens upon which they are to vest." 2 Fearne, *supra*, 434.

"All contingent estates of inheritance, as well as springing and executory uses and possibilities, coupled with an interest, where the person to take is certain, are transmissible by descent." 4 Kent Com., 262: "Where the person is ascertained who is to take the remainder if it becomes vested and he dies, it will pass to his heirs." 2 Wash., *supra*, 264; *Noden* v. *Griffiths*, 1 W. Black, 606; 1 Preston' Est., 76. This principle is fully adopted in this State, and in *Hackney* v. *Griffith*, 6 Jones Eq., 348, the Court said: "It is settled that where the person is known, but the event is uncertain, a contingent remainder, conditional limitation, or executory devise, is transmissible by descent." Having seen that there was, legally speaking, no uncertainty as to the persons in whom the estate was to vest in case the life tenant should presently die without children, it must follow that Louise Clark and her said sisters took under the deed an interest that could be inherited. This interest, as we have indicated, was a fee simple, contingent alone upon the death of the life tenant without children, but the fee was subject to be divested by condition subsequent as to those who should die without leaving children before the happening of the said contingency. This contingent defeasible fee, possessing an inheritable quality, descended to the heirs of Louise Clark and her sisters upon their death before the happening of the contingency, but as Ann and Rebecca died without children, their interest simultaneously with their death shifted by virtue of the condition to Louise and Olivia or their heirs.

The case does not disclose whether Louise and Olivia died before or after the other two sisters; but this would, under the view we have taken, be immaterial, since, as we have

observed, the interests of all the sisters were of a descendible character. The contingent interest in fee of Ann and Rebecca having shifted to Louise and Olivia, or, if then dead, to their heirs, it must follow that upon the death of Lucy F. Norfleet, the life tenant, without children, the entire inheritance vested in the heirs of Louise and Olivia, these latter having died before the life tenant and having left children.

The contention of counsel is based upon the idea that the plaintiffs and defendants take as purchasers. But it is difficult to understand how this can be so, inasmuch as there is no limitation whatever to them as the children of Louise and Olivia. The estate was limited to the *sisters and their heirs*, subject to be divested only upon the death of any of them without children. The reference to children was simply a part of a condition upon which the interests in fee were to shift from one or more sisters to another or others, and has not the slightest efficacy by way of conveying an interest to anyone.

Having defined these limitations, it must be apparent that there is no way in which these parties can derive any interest except through their ancestors by descent. They take as heirs of their respective mothers, and of course must take *per stirpes*.

The principle is "that if the *heir* is to take anything which might have vested in the ancestor, the heir shall be in by descent. And in cases where an estate is to arise to the ancestor and his heirs on a condition precedent, the performance of it after the ancestor's decease (in whom no estate at all theretofore vested) will entitle his heirs as by descent. To which we may add the rule respecting the transmissible quality of *contingent remainders* or executory devises to the representatives of the ancestor dying before the estate vests." 1 Fearne, *supra*, 33.

If, as the plaintiffs contend, the contingent interests were not descendible, it would be perplexing to discover how

they can set up any claim to the proceeds of the sale for partition. The learned brief of counsel seems to be predicated upon the idea that there was a limitation of some kind to the plaintiffs and defendants as purchasers, but as we have seen that there was no such limitation, it is unnecessary to review the authorities cited. These are generally decisions turning upon the construction of wills, or where, as in *Williams* v. *Beasley*, Winston's Law, 102, there was in effect a limitation to *children* (a word of purchase) after a preceding estate.

For the reasons above given, we are of the opinion that the judgment must be affirmed.

*Clark, J.*, did not sit on the hearing of this case.