MRS. ROSA M. MERCER ET ALS. v. D. W. DOWNS.

(Filed 17 February, 1926.)

**1. Estates—Wills—Remainders—Contingent Limitations—Title—Vested Interests—Deeds and Conveyances.**

Where there is a devise of an estate in remainder, a deed by the life tenant and remainderman will not convey an indefeasible title, where the title is not vested in the remainderman at the death of the testator, but is contingent upon their surviving the testator, the interest of those who are dead limited over to their heirs.

**2. Estates—Remainders—Vested and Contingent Interests.**

A limitation over by devise creates a vested remainder, when the remainderman takes a present estate; and a contingent estate when the remainderman takes the possibility or prospect of an estate thereunder.

**3. Same—Heirs.**

A devise of an estate for life to the testator's wife "and at her death to go to our surviving children or their heirs": *Held*, the children or takers in remainder, take an estate contingent upon their surviving their mother, the interest of those who may predecease her going to their respective "heirs."

**4. Same—Takers Under the Will—Descent and Distribution.**

Where substitute or alternate remainders to the testator's children are created by a will, upon the happening of the contingency terminating the devise as to some, the ulterior takers as heirs of the deceased child take under the will, and not by descent.

CONTROVERSY without action, heard by *Cranmer, J.,* at November Term, 1925, of EDGECOMBE.

The record discloses the following facts: W. R. Mercer died in 1905, possessed in fee simple of a certain tract of land in Edgecombe County, containing about five hundred acres, having made a last will and testament which was duly probated and recorded in said county on 21 September, 1905. At the time of his death the said W. R. Mercer left him surviving a wife, Mrs. Rosa M. Mercer, and three children, to wit: Elizabeth Mercer Marrow, W. Redmond Mercer and Rosa Moye Mercer, all of whom were living and of age at the commencement of the action. In August, 1925, Mrs. Rosa M. Mercer, E. H. Marrow and wife, Elizabeth Mercer Marrow, W. Redmond Mercer and Rosa Moye Mercer contracted with the defendant to sell and convey to him the trees standing and growing upon the land of W. R. Mercer, deceased.

The only pertinent item of the will of W. R. Mercer is item second thereof, which is as follows: "I give and devise to my beloved wife, Rosa M. Mercer, the tract of land on which I now reside, containing five hundred acres, more or less, for her lifetime, and at her death to go to our surviving children or their heirs."

Under and by virtue of said will the plaintiffs, who are the children and widow of W. R. Mercer, contend that they can convey said timber and trees in fee simple to the defendant. The defendant refused to accept the conveyance on the ground that under said item of said will plaintiffs cannot convey a fee-simple title to said timber trees.

His Honor held "that the plaintiffs are unable to convey the said timber to the defendant in fee simple as agreed in the said contract," from which judgment the plaintiffs appealed.

*Henry C. Bourne for plaintiff.*
*James Pender for defendant.*

BROGDEN, J. The determinative question is whether or not the remainder created by item second of said will is vested or contingent. If said item creates a vested remainder, then the plaintiffs can convey a fee-simple title; and, upon the other hand, if the remainder is contingent, then the plaintiffs cannot convey such a title.

A vested remainder is thus defined in Tiffany Real Property, (2 ed.), sec. 135: "A vested remainder is an estate which is deprived of the right of immediate possession by the existence of another estate created by the same instrument." The same author defines a contingent remainder as follows: "A contingent remainder is merely the possibility or prospect of an estate which exists when what would otherwise be a vested remainder is subject to a condition precedent or as created in favor of an uncertain person or persons."

In substance the difference between the two is that a vested remainder is a present estate, whereas a contingent remainder is a possibility or prospect of an estate. In *Witty v. Witty*, 184 N. C., 378, *Stacy, J.*, says: "It is undoubtedly the general rule of testamentary construction, that in the absence of a contrary intention clearly expressed in the will, or to be derived from its context, read in the light of the surrounding circumstances, an estate limited by way of remainder to a class described as the testator's 'heirs,' 'lawful heirs,' or by similar words descriptive of those persons who would take his estate under the canons of descent, had he died intestate, vests immediately upon the death of the testator, and at which time the members of said class are to be ascertained and determined."

The reason for the rule is that the law favors the early vesting of estates. However, this rule is subject to the controlling rule of interpretation that the intent of the testator is paramount, provided, of course, that it does not conflict with the settled rules of law. It will be observed that this devise provides that at the death of the life tenant the property should go to "our surviving children or their heirs." This raises the question as to whether or not the remaindermen are to be ascertained as of the death of the testator or as of the death of the life tenant, Rosa M. Mercer.

In the case of *Bowen v. Hackney,* 136 N. C., 187, the devise under discussion was as follows: "I now declare that, with the advancements already made and specially given in this will, in my judgment, equality is made to all my children, so that at the expiration of the life estate of my wife, that which is given to her for life shall be equally divided between all my children, share and share alike, the representatives of such as may have died to stand in the place of their ancestors." The Court held that this language created a contingent remainder. The opinion of *Walker, J.,* quotes with approval Gray on Perpetuities as

follows: "The true test in limitations of this character is that, if the conditional element is incorporated into the description of the gift to the remainderman, then the remainder is contingent, but if after the words giving a vested interest a clause is added divesting it, the remainder is vested. Thus, on a devise to A. for life, remainder to his children, but if any child die in the lifetime of A. his share to go to those who survive, the share of each child is said to be vested, subject to be divested by its death. But on a devise to A. for life, remainder to such of his children as survive him, the remainder is contingent." In *Irvin v. Clark,* 98 N. C., 445, it is held: "If the devise had been to those children living at the death of their mother, there would have been a contingent and not a vested remainder in either, for until that event occurred it could not be known who would take."

In our opinion the language of the will creates substitute or alternate remainders. As expressed in the case of *Bowen v. Hackney, supra,* the testator evidently had in mind the possibility that one or more of his children might die during the lifetime of his wife, and, with this in mind, provided for such contingency by giving the share of such deceased child to his or her heirs. Obviously the testator intended that the gift should take effect absolutely according to the state of his family as it existed at the death of his wife. It follows, therefore, that the persons entitled to the estate were to be ascertained as of the death of the life tenant, Rosa M. Mercer, who is now living. The language "our surviving children or their heirs" indicates that the death of the life tenant and not the death of the devisor was the time fixed for the ascertainment of the remaindermen.

Under this construction, if any of the children should die before the mother, his remainder would be at an end, and another remainder to his or her heirs is substituted therefor, and the remainderman thus substituted would take nothing from his father or mother, but directly from the devisor, and therefore take by purchase under the will instead of by descent. *Starnes v. Hill,* 112 N. C., 1; *Whitesides v. Cooper,* 115 N. C., 570; *Bowen v. Hackney, supra; Witty v. Witty,* 184 N. C., 375; *Latham v. Lumber Co.,* 139 N. C., 9. Indeed the prevailing rule seems to be that if an estate is given by will to the survivors of a class to take effect on the death of the testator, the word "survivors" means those living at the death of the testator; but if a particular estate is given and the remainder is given to the then survivors of a class, the word "survivors" means those surviving at the termination of the particular estate. Michigan Law Review of February, 1926, p. 399, citing numerous authorities in the United States and England; *Sullivan v. Garesche,* 129 S. W., 949; 23 R. C. L., 542. It necessarily follows, therefore,

that the remaindermen could not be ascertained with certainty until the termination of the life estate.

Under the principles of construction established by authoritative decisions we hold that the remainder was contingent and that the plaintiffs cannot convey a fee-simple title to said property to the defendant. The judgment of the lower court, therefore, must be

Affirmed.