W. H. HOLDERNESS, ADMINISTRATOR, ESTATE OF EMELIA S. STERN-BERGER, SUCCESSOR TO LUCIAN I. STRAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67945. Promulgated October 8, 1935.

L. P. *McLendon*, Esq., A. L. *Brooks*, Esq., and J. L. *Elliot*, C. P. A., for the petitioner.

*William E. Davis, Esq.*, and *Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

SEAWELL: This proceeding involves the redetermination of a deficiency of $340,083.66 in estate tax. All of the facts were stipulated. The stipulation disposes of all of the issues except one, which re-

lates to the inclusion in gross estate of the corpus of property held in trust.

The petitioner was duly appointed administrator of the estate of Emelia S. Sternberger, deceased, by the Superior Court of Guilford County, North Carolina.

In December 1926 the decedent executed a trust instrument, under the terms of which she deposited the sum of $1,364,000 with the Central Union Trust Co., a New York corporation, in trust, with directions to invest the cash in income-producing securities. The trust was to continue until the death of the survivor of Edward B. Benjamin, Jr., and William M. S. Benjamin, then living children of Mrs. Edward B. Benjamin, a sister of the grantor. During the life of the grantor the income from the trusteed property was to be distributed to her or to other specified persons, as the trustee might be requested in writing. She also made provision for the distribution of the income in the event of her death prior to the termination of the trust.

The grantor reserved the right to withdraw from the trust at any time after one year from the date of its creation securities of a market value of $400,000 at the time of the withdrawal. She also reserved the right to dispose of 25 percent of the corpus by her last will and testament. The estate was to be distributed in accordance with the following provisions of the trust instrument:

(a) One-third to any surviving husband of the decedent;

(b) Two-thirds equally between any then surviving children of the decedent and the representatives of any deceased child;

(c) In the event the grantor dies leaving no surviving husband, but leaving a child, children or representatives thereof, the whole of the estate shall be divided among such children and their representatives;

(d) In case the grantor dies without leaving surviving her a husband, child or children or representatives of any deceased child, the entire estate shall go to Mrs. Edward B. Benjamin;

(e) In case the grantor dies leaving a surviving husband, but no child, children or representatives of a deceased child, one-third of the estate is to go to the surviving husband and the remainder to Mrs. Edward B. Benjamin, if living at that time;

(f) If upon the termination of the trust Mrs. Edward B. Benjamin should be dead, leaving surviving children or representatives of deceased children, the portion of the estate she would have taken if living upon the termination of the trust shall be divided equally among her children and representatives of deceased children;

(g) If upon the termination of the trust the grantor should be living the whole of the trust estate shall be distributed to the grantor.

The trust instrument further provides as follows:

It is distinctly understood and agreed that the party of the first part [grantor] reserves the right to change by a writing duly executed and delivered to the party of the second part [trustee] the proportions of such estate that shall go to any of the parties named or specified herein.

The decedent died intestate January 3, 1929, at the age of 21 years, as the result of an accident. She never married, and left no issue. Surviving her were Mrs. Edward B. Benjamin and her two children, Edward and William.

At the time the trust instrument was executed the grantor " was in good health, and did not expect to die within the immediate or reasonably distant future."

The grantor received all of the income from the trust fund during her lifetime. She never withdrew any of the corpus of the trust estate and made no last will and testament disposing of any part of the trusteed property.

The property in the trust had a fair market value at the death of the decedent of $2,301,070.04, all of which the respondent included in gross estate. The petitioner admits that of such amount $400,000, which the decedent could have withdrawn from the trust estate at any time after one year of its creation, is taxable as part of the decedent's gross estate. The issue relates to the remaining amount of $1,901,070.04. The petitioner admits that 25 percent of this amount is taxable under the right reserved by the grantor to dispose of 25 percent of the market value of securities in the hands of the trustees at the time of her death by her last will and testament. The respondent contends that the calculation should be made before the $400,000 is deducted from market value of the corpus. In view of our decision on the main point it is unnecessary to decide the point of difference between the parties.

In his determination of the deficiency, the respondent included the corpus in gross estate, pursuant to the provisions of subsection (d) of section 302 of the Revenue Act of 1926. In his amended answer to the petition he alleged that it was taxable as within the terms of subsections (c) and (d). On brief he argues that it is also within subsection (a), but no part of his argument is directed to the question of whether the transfer was made in contemplation of death. The controlling provisions of the statute appear in the margin.[1]

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death;

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

Taxes of the kind involved here are levied upon the right to transfer or the transmission of property resulting from death and proceed from the principle that death is the generating source of property rights not theretofore possessed or enjoyed by the donee. *Knowlton* v. *Moore*, 178 U. S. 41; *Chase National Bank* v. *United States*, 278 U. S. 327. In *Tyler* v. *United States*, 281 U. S. 497, a case involving the question of whether the value of property held by tenants by the entirety could be the subject of an estate tax upon the death of one of the parties, the Court said:

The question here, then, is not whether there has been, in the strict sense of that word, a " transfer " of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty, or anything else it sees fit), to be measured in whole or in part by the value of such rights.

The more recent case of *Porter* v. *Commissioner*, 288 U. S. 436, points out that the 1926 Act imposes estate taxes on transfers not covered by prior statutes. There the grantor reserved the power to alter the trust instrument in any manner other than in favor of himself or his estate. Respecting whether or not the transfers were within section 302 (d) of the Revenue Act of 1926, the Court said:

The net estate upon the transfer of which the tax is imposed is not limited to property that passes from decedent at death. Subdivision (d) requires to be included in the calculation all property previously transferred by decedent, the enjoyment of which remains at the time of his death subject to any change by the exertion of a power by himself alone or in conjunction with another. * * *

This decision has been referred to as a " distinct holding that, though the trust agreement may contain no reservation of the power to revoke—indeed, though there be no actual prohibition—if nevertheless it contains a right to change the enjoyment, it is within the terms of the act." *Dort* v. *Helvering*, 69 Fed. (2d) 836. See *Frederick Foster et al., Executors*, 31 B. T. A. 769.

The petitioner insists that, since the power reserved by the grantor did not go beyond the right to change the proportion of the trust property among the several designated beneficiaries, there was no reservation in the trust deed to alter, amend, or revoke within the meaning of subdivision (d). His contention, that to come within the provision the power must be " equivalent of that degree of control which an owner exercises over his own property ", is fully answered in *Porter* v. *Commissioner, supra.*

The petitioner cites the case of *Equitable Trust Co. of New York, Administrator*, 31 B. T. A. 329, as a direct authority for the position he takes. In that proceeding, upon the death of the grantor the estate

held in trust was to go "to the lawful descendants of the party of the first part [the decedent] in such proportions as the party of the first part shall in and by her last will and testament appoint, and in case of failure to make such testamentary appointment, then to such descendants absolutely in equal shares *per stirpes* and not *per capita;* or if there shall be no such descendants living at the time of the death of the party of the first part, to the person or persons named in her last will and testament, and failing such testamentary disposition, then to the person or persons and in the interests and proportions to whom and in which under the laws of the State of New York existing at the time of the death of the party of the first part said Trust Fund would have been distributed had all thereof been personal property and had the party of the first part died possessed thereof and intestate and a resident of the State of New York." In holding that the property was not includible in gross estate under the provisions of section 302 (d) we held that "The decedent retained the power to fix the share of each one of the group of takers. But as she had not theretofore fixed the share each was to take, the retained power to fix for the first time was not a power to change. * * * The retained power was a power to supplement, amplify, or make more specific, but not to alter or amend." And further on in the opinion we held: "Here the decedent could not divest the class named as remaindermen, but could only designate the proportions in which the members of the class would take." In the case before us now, as it is said in petitioner's brief, "The power reserved is the naked power to re-apportion the benefits among the designated beneficiaries." To be exact, the power reserved in the trust instrument by decedent was "The right to change * * * the proportions of such estate that shall go to any of the parties named or specified herein." The reserved power here authorized a change not alone within "the class" but included "any of the parties named or specified herein." This reservation was not trivial or slight, but substantial. It was broad enough not only to change the proportion of the estate that would go to members of one class, such as any surviving husband or children of the grantor, but to shift the named parties from one class to another and specify the proportion of the estate each would take. She could have reduced the share of any of the parties to a minimum amount. The only restriction on the power was that no new beneficiaries, in being or otherwise, be added to the list of parties specified in the trust instrument. The grantor specified the proportions each possible beneficiary was to take. An alteration of the percentages so designated would have, in our opinion, constituted a change in the enjoyment of the property.

Another distinction exists. In the *Equitable Trust Co.* case the three children of the grantor had vested remainders in the estate

prior to the grantor's death and she had no power to divest the remainder interests. Here, upon the termination of the trust, fixed to occur at the death of the survivor of Mrs. Benjamin's two children living when the trust was created, the corpus was to go to the grantor, if living, otherwise to any surviving husband, and child or children and their representatives in specified proportions, and upon a failure of such parties, as was the case, to Mrs. Benjamin. Provision also was made for distributing the estate to others in case Mrs. Benjamin died before the termination of the trust. There is no provision in the trust instrument for the distribution of the corpus in case of failure of any of the designated parties to take under the deed. The grantor was single at the time she created the trust. She never married, and consequently left no husband or children. Such being the facts, no vested remainder was created at the time of execution of the trust. The future estates were contingent until the death of the decedent without leaving a surviving husband or children, when Mrs. Benjamin acquired a vested remainder. *Doe* v. *Considine*, 73 U. S. 458; *Watson* v. *Smith*, 110 N. C. 6; 14 S. E. 640; *Clark* v. *Cox*, 115 N. C. 93; 20 S. E. 176; *Ziegler* v. *Love*, 185 N. C. 40; 115 S. E. 887; *Mercer* v. *Downs*, 191 N. C. 203; 131 S. E. 575.

The respondent committed no error in including the portion of the market value of the corpus in controversy in the decedent's gross estate. See *H. T. Cook et al., Executors*, 23 B. T. A. 335; affd., 66 Fed. (2d) 995; certiorari denied, 291 U. S. 660; *Dort* v. *Helvering*, *supra; Day Kimball et al., Administrators*, 29 B. T. A. 60; affd., 71 Fed. (2d) 1011; certiorari denied, 293 U. S. 607; *Sargent* v. *White*, 50 Fed. (2d) 410; *Klein* v. *United States*, 283 U. S. 231; *Chemical Bank & Trust Co. et al., Executors*, 25 B. T. A. 1153.

*Decision will be entered under Rule 50.*