Henderson, Judge.
— ’The words “heirs of Sally Jourdan" in this case, mean heirs apparent — next of kin apparent, as the testator in his will takes notice that she is alive, by declaring that he had given her negro Bob.
The bequest of negro Adam and Sylla importing a present interest, none of the children of Sally can take-hut those born at the time of making the will j at fur-best, only those born at the testator’s death, and in thi<? *272 case it makes no difference which period of time is ta« ken, Cpr none were born in the interval,
^s {-0 {]10 property bequeathed to Sally’s heirs, after the death of his wife, as there was no present interest bequeathed, those take who were born before the wife’s death. It is sufficient if they answer the description, when an interest vests in possession. This rule was adopted by the old Supreme Court, in the construction of the will of one Rogers. If we could, we would give the property to ai! Sally’s children, no matter when born, but we cannot depart so far from the words of the will.
We shall declare that Betsey, John, Burwell, Ferry, Eliza & Martha, (those born before the testator’s death) are entitled equally to the negro boy Mam, the negro girl Sylla and her increase, with their hire and profits j and that they with Samuel, James, Sally and Martha, be. ing all the children of Sally Jourdan, born at the death of the testator’s wife, are entitled equally to one half the negroes and other property, bequeathed to Sally Jour-dan’s heirs, after the death of the testator’s wife, including the increase of the females since that time, and the hire, profits and interest. The other half of that property belongs to the testator’s son John ; for all the children, that is all the heirs, take as one person quoad John. ■When liis share is to be ascertained, the Word “ heirs’” is nomen collectivum.
Per Curiam.
— Let the decree be entered accordingly.