70   467
71   470
70   467
76   267

JANE C. HEALY ET AL., EXECUTORS, vs. BERTRAND N. HEALY ET AL.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave the use of a portion of his property to *A*, and "at his decease to go to his legal heirs." *Held* that this bequest was not obnoxious to the common law rule against perpetuities, now prevailing in this State; and that *A* having predeceased the testator,

the gift vested in those persons who were the legal heirs of *A* at the testator's death.

In the 7th clause the testator gave to his sister *W*, one twentieth of the remainder of his estate, "at her decease to go to her legal heirs." *Held* that *W* took a life estate only.

By the 9th clause the testator gave "to the legal heirs of my brother John's children," two twentieths of the remainder of his estate. *Held* that in order to conform to the testator's evident intent and avoid uncertainty, the words quoted should be construed as though they read, "to the legal heirs of my brother, John's children."

The gift in the 10th clause was to the "legal heirs" of my brother *M*. The will showed that *M* was living and that the testator knew it. *Held* that the expression "legal heirs" was used in the popular sense, as indicating those persons who, if *M* had died simultaneously with the testator, would have inherited his estate.

[Submitted on briefs March 2d—decided March 24th, 1898.]

SUIT to determine the validity and construction of the will of Samuel A. Healy of Canton, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Shumway, J.*, upon a finding of facts, for the consideration and advice of this court.

Samuel L. Healy made his will on October 26th, 1896, and died January 1st, 1897. The will, which has been duly proved, is as follows : " 1st. I give and bequeath to the two children of my nephew Bertrand (daughters), Edna and Sada, five hundred dollars each. 2d. I give and bequeath to the daughters of my deceased sister, Betsey Allen (name forgotten.), or her legal heirs, one thousand dollars. 3d. I give and bequeath to my beloved wife, Jane Coe Healy, ten-twentieths of the remainder of my estate, real and personal. 4th. I give and bequeath to my brother, John Healy, the use of one-twentieth of remainder of my estate, real and personal, at his decease to go to his legal heirs. 5th. I give and bequeath to my brother, Wm. C. Healy, the use of one-twentieth of remainder of my estate, real and personal, at his decease to go to my brother John Healy's children, share and share alike. 6th. I give and bequeath to my brother, M. L. Healy, the use of one-twentieth of remainder of my estate, real and personal, at his decease to go to his legal heirs. 7th. I give and bequeath to my sister, Julia Warner,

one-twentieth of the remainder of my estate, real and personal, at her decease to go to her legal heirs. 8th. I give and bequeath to the legal heirs of my brother, Paul Healy (deceased), two-twentieths of remainder of my estate, real and personal. 9th. I give and bequeath to the legal heirs of my brother John's children two-twentieths of remainder of my estate, real and personal, share and share alike. 10th. I give and bequeath to the legal heirs of my brother, M. L. Healy, two-twentieths of remainder of my estate, real and personal, share and share alike. 11th. I ordain and appoint my wife, Jane Coe Healy, executrix, and my nephew, Anson W. Healy, executor of this my last will and testament, without bonds."

Upon settlement of the estate there remains to be distributed some $50,000 of personal estate, with real estate to the amount of $ .

The complaint asks the Superior Court to construe the will in the following particulars: "First, whether, under section 4, the children of John Healy are entitled to one twentieth of remainder after his decease, or whether said remainder is intestate estate. Second, whether, under section 6, M. L. Healy's children are entitled to receive, or whether said estate, subject to said life use, is intestate. Third, whether, under section 7, Julia Warner takes absolutely, or her children take subject to her life estate; or if there will remain intestate estate. Fourth, whether, under section 8, Paul Healy's children or their representatives take, or said remainder is intestate estate. Fifth, whether, under section 9, the children or grandchildren of John take, or the estate given in the ninth clause is intestate. Sixth, whether, under the tenth clause, the children of M. L. Healy take, or the two-twentieths purporting to be given by said clause is intestate estate."

The court finds that the testator was eighty years old at the date of the will, which was written by one Rollin Humphey, who was at the time about seventy years old; and neither the testator nor Humphrey were lawyers. The court also finds that the defendant Bertrand N. Healy is one of

the heirs at law of the testator, being the only son of Nathaniel Healy deceased, brother of the testator; that Thomas G. Healy, a brother of the testator not named as legatee, was a man of large wealth, and has died since the commencement of this action, leaving children surviving him; that the defendants Charles J. and Mabel Healy, Lucretia Barnes and Mary and Clara Beckwith, are the children and all the children of the testator's brother, John Healy, who died after the execution of the will and before the testator; that Herbert S. Beckwith is a son of Mary Beckwith, and Raymond and Louis Beckwith are sons of said Clara Beckwith (all being minors), and are all the grandchildren of John Healy deceased; that said John Healy lived a near neighbor to the intestate, who was intimate with John and his family and knew well his children and his grandchildren; that the defendants, Emma, Edith, Wallace and Willis Healy, Effa Curtis, Ellen Welton, Hattie Hyde, Winifred Hayes, Egbert N., Elmer and Henry Healy, were the children, and all the children of the testator's brother, M. L. Healy, and they were all well known to the testator at the time he executed said will; that the testator's brothers, Wm. C. and M. L. Healy, and his sister Julia Warner, still survive; that Paul Healy died before the testator, and three of his children and three representatives of children survive.

*Charles H. Briscoe*, for the executors, and for Julia Warner and the heirs of Paul Healy.

*Donald T. Warner* and *Howard F. Landon*, for Emma Healy et al.

*Hungerford, Hyde, Joslyn* and *Gilman*, for Bertrand N. Healy.

*Samuel A. Herman*, for Wm. C. and Marcus L. Healy.

*Sperry, McLean* and *Brainard*, for Charles J. Healy et al.

*John H. White* and *Sylvester Barbour*, for Mary Beckwith et al.

HAMERSLEY, J. Some of the respondents in their answer allege certain facts as tending to show the circumstances under which the will was made, and the executors demurred to these allegations. Apparently this demurrer, although sustained by the court, is waived by the reservation; but if not, we deem it unnecessary to pass upon the action of the court in sustaining the demurrer, as the facts averred, in view of the plain meaning of the will, could only serve to support a construction sufficiently clear without them.

The clauses we are asked to construe are valid. A bequest of " the use of one-twentieth of the remainder of my estate to A. B., at his decease to go to his legal heirs," is certainly not obnoxious to the common law rule against perpetuities. It is immaterial whether it would be valid under our late statute of perpetuities. This will was executed since the repeal of that statute.

The gift in the fourth clause vests in the legal heirs of John Healy at the death of the testator. The prior death of the life tenant does not invalidate the gift over.

The seventh clause, which gives " to my sister, Julia Warner, one-twentieth of the remainder of my estate, real and personal, at her decease to go to her legal heirs,"—gives to Julia a life estate only. The language used, in connection with that of other parts of the will and its whole scheme, clearly expresses this intent.

The ninth clause gives the legacy named to the legal heirs of John. When a clause can be read so as to be consistent with a testator's evident intent and avoid uncertainty, it should be so read. By supplying the omission of a comma, any doubt as to the meaning of this clause disappears. It then reads: " I give and bequeath to the legal heirs of my brother, John's children, two-twentieths," etc.

In the tenth clause the legacy is given " to the legal heirs of my brother, M. L. Healy." It appears from the will itself that the testator knew that his brother was living, for he gives him a legacy in the sixth clause. It is therefore certain that he here uses the words " legal heirs " in the popular sense, as indicating the persons entitled to inherit if his

brother were dead. Where the legal heirs include children and the representatives of children, as appears to be the case with those named in the eighth clause, of course they take *per stirpes. Jackson* v. *Alsop,* 67 Conn. 249, 254.

The Superior Court is advised: —

1. The legal heirs of John Healy living at the death of the testator, are entitled to the bequest under the fourth section.

2. The bequest under section six is to M. L. Healy for life, and upon his death to those who in that event are his legal heirs then living.

3. The bequest under section seven goes to Julia Warner for life, and upon her death to her legal heirs then living.

4. The bequest under section eight goes to the legal heirs of Paul Healy living at the testator's death.

5. The bequest under section nine goes to the legal heirs of John Healy living at the testator's death.

6. The bequest under section ten goes to those persons living at the testator's death who would be the legal heirs of M. L. Healy if he were dead.

7. All the above gifts are valid, and where the legal heirs consist of children and representatives of deceased children, they take *per stirpes.*

In this opinion the other judges concurred.