LYMAN T. TINGIER, TRUSTEE, *vs.* ETTA L. WEBSTER WOODRUFF ET ALS.

First Judicial District, Hartford, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

After giving the use of his property to his wife, daughter and grand-daughter during their respective lives, the testator provided that "upon the decease or remarriage of my said wife, and upon the decease without issue of my said daughter or grand-daughter, I give their share or portion respectively to the survivor or survivors of them—And upon the decease of the last survivor I will and direct that all my property be divided among my legal heirs according to the law for the distribution of intestate estate in this State—*And in the event my said daughter or grand-daughter shall have issue such issue shall have the share of the parent during the life of the last survivor.*" The widow died intestate shortly after the testator, and without having remarried, and the daughter, who inherited all her mother's property, died about five years later, testate, but without issue. The granddaughter is still living with three children, two of whom were born before the testator died. Upon a suit to construe the will it was *held:*—

1. That equality in the distribution of the income between the widow, daughter and granddaughter, and an intention that all his property, principal as well as income, should be enjoyed by those of his own blood, were dominant features of the will.

2. That these purposes could be accomplished and a reasonable construction given to the provisions of the will by transposing the last two sentences quoted, and placing the italicized clause immediately after its proper context, so that the words "upon the decease" would apply to and control the disposition of the income, in the one case if the daughter or granddaughter were to die *without*

issue, and in the other if they should die *with* issue; and therefore the living granddaughter, and not her issue, was entitled to the entire income of the estate during her lifetime.

3. That the principal of the estate should be distributed, on the grand-daughter's decease, to the legal heirs of the testator as then ascertained, and pursuant to the laws for the distribution of intestate estate as they might then exist.

A bequest to one's legal heirs, to take effect upon the death of a life tenant, is not in violation of the common-law rule against perpetuities, although one or more of the heirs be born subsequent to the death of the testator.

Argued October 4th—decided December 19th, 1911.

SUIT to determine the validity and construction of the will of Lorenzo Webster of Rockville, deceased, brought to and reserved by the Superior Court in Tolland County, *Shumway, J.*, upon the facts alleged in the complaint, for the advice of this court.

*Lyman T. Tingier*, for the plaintiff.

*John E. Fisk*, for Viola Webster Woodruff *et als.*

*Charles Phelps*, for estate of Nellie Webster Fay *et als.*

*Thomas F. Noone*, for Etta L. Webster Woodruff.

WHEELER, J. The testator, Lorenzo Webster, died March 13th, 1902, leaving a will which was admitted to probate March 19th, 1902, the second clause of which is as follows: "I give, in manner as hereinafter provided, to my wife, Jerusha C. Webster; to my daughter Nellie L. Webster, and to my grand-daughter, Etta L. Webster, the use, proceeds and benefit of all my property of every description and wheresoever situated, during the natural life of my said daughter and grand-daughter and during the life of my wife and so long as she shall remain my widow, and upon the decease or remarriage of my said wife, and upon the decease without issue of

my said daughter or grand-daughter, I give their share or portion respectively to the survivor or survivors of them—And upon the decease of the last survivor I will and direct that all my property be divided among my legal heirs according to the law for the distribution of intestate estate in this State—And in the event my said daughter or grand-daughter shall have issue such issue shall have the share of the parent during the life of the last survivor. It is my will and I authorize and direct my executor, soon as practicable after my decease, to sell all my property, at public or private sale as he shall deem most advisable, and deposit the avails in some savings banks or savings institutions in this State or in Massachusetts, of good repute, and collect, receive and pay over, as often as once a quarter, the interest and dividends of such avails to my wife, daughter and grand-daughter, and to their issue if any, in the proportion and according as I have hereinbefore given to them—my executor retaining from such interest and dividends a reasonable compensation for his services—"

The widow, Jerusha C. Webster, died intestate August 12th, 1902, without having remarried, leaving as her sole heir and next of kin said Nellie L. Webster, to whom all of her property was duly distributed.

The daughter Nellie married October 22d, 1902, and died June 13th, 1907, without issue and leaving a will; her estate was duly settled and distribution made.

No interest in the estate of Lorenzo Webster was inventoried as a part of the estate of said Jerusha C. Webster or of said Nellie L. Webster.

The granddaughter Etta L. Webster was married August 19th, 1896, and has three children living.

The trustee named in said will was succeeded by the plaintiff on September 27th, 1904, who asks the advice of the court upon these questions:—

1. When should said trust estate held by the plaintiff as trustee be distributed, and to whom?

2. Who is entitled to the income of said trust estate pending such distribution, and in what proportions?

The testator gives to his wife while she remains his widow, to his daughter Nellie, and his granddaughter Etta, jointly, the use of all his property. Upon the decease or remarriage of his wife, and the decease without issue of the daughter or granddaughter, he gives their share to the survivor or survivors of them. Upon the death of the wife without having remarried, her share, which was the life use of one third of the property, went to the survivors, the daughter Nellie and the granddaughter Etta. Upon the death of Nellie without issue, her share, which was then the life use of one half of the property, went to the last survivor, Etta, unless the subsequent provision: "And in the event my said daughter or grand-daughter shall have issue such issue shall have the share of the parent during the life of the last survivor,"—gave to the issue of Etta either the income of this property after the death of Nellie, as the issue claim; or gave the fee of the entire trust fund to those persons who were the legal heirs of the testator at his death, as the devisees of Nellie claim.

The several provisions of the will show that the testator intended that his property—income and principal—should be enjoyed by those of his own blood. Equality in the distribution of the income between the wife, daughter, and granddaughter, was a main purpose of the will. The share of each upon death went to the survivor, the last survivor taking the entire income unless daughter or granddaughter left issue. At the death of the testator two children of Etta were living, one born some six years before his death. It would be most unnatural that his great-grandchildren should be preferred to his granddaughter, with whom the testator

was on such cordial terms that he in his will contemplated and provided for her possible ownership of all his property. To hold that as soon as the issue spring into being they take the income enjoyed by their parent, would strip the parent of the use of the property and deprive her of its use in the care and nurture of her children. A construction inviting consequences so harsh and unnatural ought not to be adopted upon language susceptible of other reasonable construction, especially when that construction will effectuate the testator's intent. At the time the granddaughter is stripped of her share of the income the widow and daughter may be alive and enjoying their share of the income, or at the time the daughter's share is taken by her issue the widow and granddaughter may be alive and enjoying their share of the income.

The only ground for questioning the construction of this clause, "and in the event my said daughter or grand-daughter shall have issue such issue shall have the share of the parent during the life of the last survivor," is that it is separated by a sentence from its proper context. It should have followed the clause, "and upon the decease without issue of my said daughter or grand-daughter, I give their share or portion respectively to the survivor or survivors of them." Had its position been this, no one would controvert that the gift to the issue was limited by the decease of the parent. The words "upon the decease" would have qualified each sentence. The fact that another sentence intervenes does not change the necessary construction; they are parts of the same subject of disposition, the one relating to the disposition if the daughter or grand-daughter die without issue, the other, if they die with issue.

We think the testator intended the granddaughter Etta to take the entire income during her life.

The share or portion given the daughter or granddaughter in the event of their having issue is the share of the parent, and this is confined to the enjoyment of the income to the death of the last survivor, as we have seen, and cannot have been intended to include the principal. Confirmation of this view is found in the gift of all the property to his legal heirs "upon the decease of the last survivor." The corpus of the fund is thus preserved intact until the time appointed for distribution, which is expressly stated to be "upon the death of the last survivor." Whether issue be born or not, the division of the principal is to take place upon the decease of the last survivor, and among the legal heirs of the testator. The legal heirs take at the death of the last survivor, rather than at the death of the testator. The language of the will compels this construction, and any other construction would defeat the main purpose of the testator to benefit by his bounty his own blood to the exclusion of strangers, and to hold the principal of the fund intact until that time. If the heirs existing at the decease of the testator took, on the death of the last survivor, a large share of this estate would go to strangers to the testator's blood, through Nellie's disposition of her estate, for she would have been an heir at this time. "If a class of takers is not clearly identified, kindred of blood are properly favored over kindred by affinity." Schouler on Wills (3d Ed.) § 26.

The statute against perpetuities was repealed prior to the death of the testator, and the common-law rule against perpetuities does not forbid a devise to one's legal heirs to take effect upon the death of a life tenant, even though one or more of the heirs be born subsequent to the death of the testator. *Healy* v. *Healy*, 70 Conn. 467, 471, 39 Atl. 793.

A final question remains. Who will be the legal heirs

on the decease of Etta, the last survivor? The words "legal heirs" will be treated as words of limitation rather than of purchase. The wife, daughter, and granddaughter are given a life use merely. The principal is not divisible until the death of the last survivor. Very clearly they were intended to be excluded from participation in the principal. The testator intended the division to be made among those who were his heirs on the decease of the last survivor. This construction satisfies his language and is the only construction premissible, for it is the only one which will carry out the purpose and plan of his will. This construction is the practical construction placed upon the will by the parties in interest, as we find Nellie, the administratrix of Jerusha's estate, and the administrator of Nellie's estate, omitted all interest in the estate of Lorenzo Webster from their respective inventories.

The Superior Court is advised that Etta L. Webster Woodruff is entitled to the whole of the income of said trust estate pending its distribution; that said trust estate should be distributed upon the death of said Etta L. Webster Woodruff among the legal heirs of Lorenzo Webster to be ascertained as of the date of death of the said Etta L. Webster Woodruff and to be distributed among said heirs according to the law for the distribution of intestate estate in this State then existing.

In this opinion the other judges concurred.