## WORCESTER POST CO. v. W. H. PARSONS CO.

(Circuit Court of Appeals, First Circuit. May 26, 1920.)

No. 1450.

1. **Sales ⬅71 (3)—Contract for monthly deliveries of "approximately" stated quantities held to modify total quantity sold.**

   Where a contract for the sale of 900 tons of print paper between two dates 20 months apart provided for delivery of approximately 45 tons per month, the term "approximately" related also to the total quantity, since the variation in the monthly allowance would result in the variation of the total, but means no very substantial departure from the amount specified, except upon acquiescence.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Approximately.]

2. **Sales ⬅71 (4)—Provision for delivering approximately stated quantity construed by conduct of parties.**

   Where a contract for the sale of print paper provided for delivery of approximately a stated quantity each month, and the buyer from month to month exercised what he deemed to be his rights in stating the quantity needed, in which conduct the seller acquiesced, the conduct of the parties amounted to a construction of that term of the contract, and the buyer could not, during the last month, require delivery of the entire balance due under the terms of the contract.

3. **Sales ⬅180 (2)—Buyer can waive rights to part of goods covered by the contract.**

   A buyer can waive the right to part of the goods for which he contracted, even though he had acquired title, with the acquiescence of the seller, or he may be estopped by his conduct to assert title.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action by the Worcester Post Company against the W. H. Parsons Company. Judgment for defendant (257 Fed. 774), and plaintiff brings error. Affirmed.

George R. Nutter, of Boston, Mass. (Edward Fisher, of Lowell, Mass., Hugh Babb, Greta C. Coleman, and Dunbar, Nutter & McClennen, all of Boston, Mass., on the brief), for plaintiff in error.

Albert A. Schaefer, of Boston, Mass. (Ropes, Gray, Boyden & Perkins, all of Boston, Mass., and Garrard Glenn, Shattuck, Glenn, Huse & Ganter, of New York City, on the brief), for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ALDRICH, District Judge. This case is here upon writ of error, and it involves the rights of the parties under a written contract. The questions relate to a construction of the contract, so far as its terms are expressed and unaffected by practical construction by the parties through conduct, and to findings of fact in respect to certain matters relating to conduct which were left open under its provisions.

The contract was for delivery of news paper by the manufacturer to the Worcester Post Company for use in its daily publication.

[1] There was an express provision for 900 tons, and there was an express provision in respect to the time in which it was to be delivered, namely, "during the period from December 1, 1914, to August 1, 1916." There was also a provision as to monthly requirements and delivery, namely:

"To be taken at approximately 45 tons per month, but the purchaser shall be required to take not less than [blank] tons, and the manufacturer agrees to furnish not more than [blank] tons, in any one month during the period."

Under this it would seem that the provision as to the whole number of tons was sought to be made subject to variation through the elasticity of the word "approximately." The term "approximately" manifestly had reference to monthly requirements and delivery, and not to the express provision as to time. It operated upon the provision as to 900 tons, because, calculated upon the basis of 45 tons a month for the 20 months between December 1, 1914, and August 1, 1916, it called for precisely 900 tons; but if the requirement under the approximate provision for delivery should be more than 45 tons monthly, and there were acquiescence, it would enlarge the express provision as to the 900 tons, and there would be a delivery of more than 900 tons, and if, on the contrary, the requirements and delivery should be for less than 45 tons a month, the provision as to the whole number of tons would be varied in the other direction, and there would be a delivery of less than the 900 tons.

This the parties must have understood, and therefore it is apparent that the provision as to 900 tons was not established in a rigid sense, as calling for the exact balance of 900 tons at the end of the period, but was one which the parties contemplated and agreed should be varied, perhaps one way, and perhaps the other.

The provision as to time was definite, and we see no theory upon which the time period could be extended through reasoning with reference to the approximate provision as to delivery. Yet, while the provision does not operate that way, it is clear, we think, as we have already said, that it was used to modify the provision in respect to the 900 tons, which, under reasonable interpretation, became subject to it.

The blank spaces in the contract, which we have indicated by the word "blank" in brackets, left open, to a reasonable extent, the monthly requirements for use, to be varied by monthly requirements and monthly acquiescence, either reasonably above or reasonably below the 45 tons per month.

It is quite true that the term "approximately," used in connection with the 45 tons, would operate against the idea of a substantial

variation of the monthly requirements and deliveries, with the result of a substantial variation of the 900 tons provision. Therefore, holding the view that the term "approximately" relates, not only to the monthly requirements, but also to the 900 tons provision, it would be accepted as meaning no very substantial departure, except upon the idea of express requirements and acquiescence.

[2] Now, what the parties did with reference to these contemplated monthly transactions necessarily may, and must, be explained by conduct. The buyer, from month to month, exercised what he evidently deemed to be his right under the "approximately" 45 tons provision, and the seller apparently acquiesced in the requirements and acted upon them. Thus there was a practical construction by the parties as to what might be done under what was left open to be regulated by conduct.

There is nothing in these provisions, read together, or in the conduct of the parties in respect to them, which would warrant the conclusion, either through interpretation as matter of law, or upon inference of fact from conduct, that they contemplated an extension of time beyond that expressly named, or that they contemplated that the buyer, who expressed his monthly needs for use and exercised his right under the minimum aspect of the contract, was establishing a right to have in one—and in the last—month of the period a delivery of 200 or more tons at one time, which, as explained by the oral proofs, would be something like 11 carloads.

To assume that the contract, in terms, means that, or that the conduct of the parties indicated that they intended such a result, would be a strained and an unwarrantable assumption. As we have said, the term "approximately," read in connection with the blanks, indicates that something was left open for conduct and practical construction, and that means that conduct and acquiescence, or dissent, were necessarily involved in carrying out the transactions under the agreement from month to month during the period.

[3] Thus questions of waiver and acquiescence became questions of fact, and the fact of waiver and abandonment of the right of unordered monthly amounts was distinctly found by the District Court.

A contract right, even that of title, may be waived or estopped by conduct, as is explained in Spooner v. Cummings, 151 Mass. 313, 23 N. E. 839.

The buyer in the case at bar, to his advantage, made his requirements under the maximum and minimum privileges contemplated and saved to the parties by the "approximately" monthly clause of the contract, and the seller acquiesced and made deliveries accordingly; and we think it more reasonable to say that the buyer, through the exercise of such supposed privilege, waived his right to claim the whole balance of the 900 tons—either in the last month, or under an extension of the time provision—than to say either that the provision as to 900 tons should be construed as an arbitrary provision, meaning exactly 900 tons in all, and more than 200 tons in the last month, or an extension of the monthly approximate 45 tons provision over a

period of 3 months or more beyond the express time provision stated in the contract.

The cases upon which the appellant relies did not involve questions of fact, or lines of conduct, or findings, like those with which we are concerned in this case, and therefore have no pertinent or controlling application.

We see no reason for disturbing the findings of fact by the District Court, and we are satisfied with that court's reasoning upon the authorities cited in its opinion.

Judgment below affirmed, with costs of this court.