PHOENIX STATE BANK AND TRUST COMPANY, TRUSTEE
v. ALICE J. BURPEE, ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 76328

Memorandum filed July 12, 1946.

*Gross, Hyde* and *Williams,* of Hartford, for the Plaintiff.

*Davis, Lee, Howard* and *Wright,* of Hartford, for A. J. Burpee.

*Forward* and *Levin,* of Hartford, for Phoenix Bank, Executors.

*Hoppin, Carey* and *Powell,* of Hartford, for H. W. and M. A. Garribus et al.

*Shipman* and *Goodwin,* of Hartford, for the Hartford Hospital.

COMLEY, J.  Addie W. Burpee  died in Hartford  on August 17, 1945, leaving a will which contains the following provisions:

"I give devise and bequeath to the Phoenix State Bank and Trust Company, of Hartford, Connecticut, in trust, however, all of the securities which shall be in my estate at the time of my decease, with the exception of those specifically bequeathed hereinbefore, to be held by the said Phoenix State Bank and Trust Company, as trustee for the benefit of my niece Alice J. Burpee, and I direct said trustee or its successors to use the income and so much of the principal as shall be necessary for the maintenance and comfort of my niece, the said Alice J. Burpee. And I direct said trustee to provide her with an income of approximately one hundred (100) dollars monthly. And in the event that any emergency shall befall the said Alice J. Burpee, I empower and direct said trustee to use such additional sums or either income or principal as shall be desirable in the opinion of said trustee. I give said gift in trust for the benefit of the said Alice J. Burpee in consideration of the loving devotion and care which she has given me during my lifetime."

Upon the death of Alice J. Burpee the principal of the fund then remaining is to be distributed among certain named relatives.

The testatrix was an aged woman who had suffered from a heart ailment for twenty-five years before her death. Alice J. Burpee, now seventy-one years old and without means of her own, had lived with her since the age of thirteen assisting her as housekeeper, nurse and companion.

The trust fund has an appraised value of $26,670.69. The trustee estimates that the net income will be $875 per year or $73 per month.

The first question is whether Alice J. Burpee is entitled to two separate and distinct gifts, the first to consist of "the income and so much of the principal as shall be necessary for [her] maintenance and comfort," and the second to be "an income of approximately one hundred dollars monthly."

In view of the situation of these parties, their financial condition and especially in view of the size of the trust fund, it would be unreasonable to attribute to the testatrix an intent to give to Alice J. Burpee not only an income sufficient for her "maintenance and comfort" but also and in addition thereto, an income of "approximately one hundred dollars monthly." It seems more probable that the testatrix intended

primarily to provide for the "maintenance and comfort" of her niece and then added as her own estimate of the amount necessary to attain that end the provision that she should receive "approximately one hundred dollars monthly." Where there are two possible constructions of a will, that should be adopted which will dispose of the property in a just, natural and reasonable manner. *McCarthy* v. *Tierney,* 113 Conn. 316, 322; *Tingier* v. *Woodruff,* 84 Conn. 684, 690.

A more difficult question arises when one attempts to reconcile that portion of the gift which would seem to give the trustee uncontrolled discretion as to the amount necessary for "maintenance and comfort" and that portion which seems to limit the gift to "approximately one hundred dollars monthly." In this connection the third and final part of the gift which authorizes the trustee to use "additional sums of either income or principal" should "any emergency befall the said Alice J. Burpee" is significant. Reading the three parts together it is reasonably clear that the testatrix wished her niece to receive a steady income for ordinary living expenses of about $100 monthly and, if illness or some other emergency made that income inadequate, then such additional amounts as the trustee should deem desirable.

The final question is the degree of latitude which the word "approximately" confers upon the trustee in fixing the amounts to be paid under ordinary circumstances in the absence of any emergency. Webster's New International Dictionary (2d Ed.), defines "approximately" as meaning: 1. "situated or drawn very near or close together; also, nearly resembling. 2. Near to correctness; nearly exact; not perfectly accurate."

It has been held that the word covers only "negligible deviations from entire accuracy," and not substantial variations. *Richmond* v. *Smith,* 119 Va. 198, 206. It does not contemplate any "substantial departure" from the amount specified. *Worcester Post Co.* v. *W. H. Parsons Co.,* 265 Fed. 591, 593. It has the same meaning as the phrase "more or less." *Nickel* v. *Zeitz,* 258 Mass. 282.

The plaintiff and some of the other parties to this suit have asked the court to fix definitely the amount to be paid Alice J. Burpee. The plaintiff suggests that the payments should be $110 per month if there is sufficient income; if not, they should be at least $100 per month. Alice J. Burpee requests the court to fix the payments at $150 per month. Other parties

suggest that the payments should range from $90 per month to $110 per month depending upon the amount of income earned by the fund. The court does not feel that it should adopt any of these suggestions or in any way dictate the exact amount to be paid. The testatrix, as already pointed out, has indicated that in her opinion an income of $100 monthly is proper in the absence of an emergency. The word "approximately" does not give the trustee any right to deviate substantially or materially one way or the other from this amount. It should make the payments come as near to $100 monthly as it can. If prudent management of the fund and the sale of principal assets to make up deficiencies in income result in a situation where it is impracticable to make each monthly payment exactly $100, then it is protected in deviating slightly one way or the other from the amount specified, but the deviations should be as small as possible.

The complaint is defectively drawn in that no definite questions are submitted for the court to answer. Practice Book, Form No. 506. The parties should, however, be able to draft a judgment file setting forth the substance of this memorandum.

In view of the provisions of article nineteenth the costs and expenses of this litigation should be paid from the residuary estate. If the counsel will join in submitting a schedule of allowances for fees and expenses, the court will take it under consideration; otherwise a hearing will be necessary.