203 N.W.2d 213 (1972)
In the Matter of the ESTATE of Harold S. OPPELT, Deceased.
Earl F. WHEELER, Jr. and Mary Sue Wheeler, Appellants,
v.
Howard KNUPP, Executor, Appellee.
No. 55213.
Supreme Court of Iowa.
December 20, 1972.
Don Boddicker, Vinton, for appellants.
Milroy & Milroy, Vinton, for appellee.
Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.
UHLENHOPP, Justice.
We are required here to pass upon the marketability of title to real estate.
Testator Harold S. Oppelt never married. His cousin, Howard Knupp, has four grown children. Since the time those children were small, testator and his mother took care of them when Knupp and his wife were on vacation; testator and the children were very close.
Testator made a will which consisted of two items and a clause appointing Howard Knupp as executor. In the first item testator directed payment of his debts. In the second item he stated:
I hereby give, devise and bequeath to the heirs of the body of Howard Knupp, all of my property, both real and personal, wherever the same may be situated. Before distribution is made of my net estate as herein stated, my Executor is *214 to see that a proper marker or monument is to be placed at my grave.
Testator died owning real estate in Vinton, Iowa. His will was admitted to probate. He was survived by Howard Knupp and Knupp's four children. Knupp as executor filed an inventory in which he listed his four children as the beneficiaries under the will.
The executor subsequently petitioned the probate court for authority to sell testator's real estate to pay debts and make distribution. The court ordered that notice of hearing on the petition be given to Knupp's four children, which was done. A guardian ad litem was appointed for any other heirs of the body of Knupp, and the guardian answered. After hearing, the court ordered that the real estate be sold. The executor sold it to Earl F. and Mary Sue Wheeler, Jr., agreeing to provide marketable title.
The executor furnished the Wheelers an abstract of title showing, among other things, the probate proceedings we have mentioned. The Wheelers objected to the title as unmarketable. The gist of their objection was that testator's heirs were not notified of the hearing on the petition to sell the real estate and are not bound by the order to sell.
The Wheelers then commenced the instant proceeding in the probate matter for a judgment declaring whether the title is marketable, and, if it is not, for an order directing the executor to take steps to make it marketable. A hearing was held and the facts which we have related were brought out. The trial court held the title marketable, and the Wheelers appealed.
Two questions are involved. First, who are the devisees under the will? If Knupp's four children are the devisees, then testator's heirs have no interest in the realty and need not be given notice in the proceeding to sell the real estate. Second, is the identity of Knupp's children as devisees sufficiently certain that the title is marketable notwithstanding the absence of notice to testator's heirs?
I. Who Are the Devisees? At both the time that testator executed the will and the time he died, Howard Knupp was alive. The Wheelers' objection to the title arises from the words in the second item, "the heirs of the body of Howard Knupp." They contend that since in a technical sense there can be no heirs of a living person, the devisees will not be known until Knupp dies. At that time, the Wheelers say, Knupp might have no living descendants, in which event the real estate would go to testator's heirs. Thus the problem arises from the word "heirs" in the will. The Wheelers' objection would be the same with "heirs" as with "heirs of the body." In the present context, heirs of the body are simply heirs in a restricted senseheirs who are descendants. Buchan v. Buchan, 254 Iowa 566, 118 N.W.2d 611. See Restatement, Property, §§ 305, 306. Presumably, if the gift were to "the children of Howard Knupp," the Wheelers would raise no objection. The devisees would be ascertained as of the time from which a will normally speakstestator's deathand those devisees would be Knupp's four children. Annot., 60 A.L.R. 2d 1394, 1399. Does the word "heirs" change the result under the present facts?
We are not dealing here with a gift of a future interest to a designated person's heirs or heirs of the body. We may place cases of that kind aside. We are dealing with a gift of a present interest to the heirs of the body of a person who had heirs apparent of his body when the will was made and when the testator died. In that setting, is "heirs" used in a technical or popular sense?
The Wheelers assert Oppelt's heirs might well claim that "heirs" in the will is used in its technical sense. 39 C.J.S. Heirs at 882 ("In this strictly proper sense of the word, `heir' signifies one who has succeeded to a dead ancestor; it is used to express the relation of persons to some deceased ancestor, and cannot be applicable to one whose ancestor is living, for no one is an heir until after the death of the ancestor."). On the other hand, the executor *215 contends that under these facts the term "heirs" is used in a popular sense, and that the devisees are ascertained as of testator's death as though Howard Knupp were also then dead. Healy v. Healy, 70 Conn. 467, 39 A. 793 ("to the legal heirs of my brother M. L. Healy"who survived testator means "those persons living at testator's death who would be the legal heirs of M. L. Healy if he were dead"); Harris v. Ingalls, 74 N.H. 339, 68 A. 34 ("to the legal heirs of my mother's brother, Benjamin Ingalls"who survived testatormeans Benjamin Ingalls' heirs at testator's death as though Benjamin Ingalls then died); Simms v. Garrot, 21 N.C. 393 ("to Joel Simms's lawful heirs" means Joel Simms' heirs as of testator's death); Jourdan v. Green, 16 N.C. 270 ("to Sally Jourdan's heirs" means her heirs at testator's death); Restatement, Property, § 308, Comment h and Illustration 6.
The difficulty at this point is that testator's heirs are not parties to the present proceeding or appeal. We could now decide the question among the Wheelers, the executor, and Howard Knupp's heirs, but we could not adjudicate as to testator's heirs. We therefore leave open the meaning of "heirs" under the present facts.
II. Title Marketable? In passing on the marketability of a title, the question is "whether a man of reasonable prudence, familiar with the facts and familiar with the questions of law involved, would, in the ordinary course of business, accept such a title as can again be sold to a reasonable purchaser. . . . The mere possibility of a defect, which, according to ordinary experience, has no probable basis, does not show an unmarketable title; the mere possibility or suspicion of a defect is not sufficient if the title is such that it ought to satisfy a man of ordinary prudence." Bristow v. Pagano, 238 Iowa 1075, 1079, 29 N.W.2d 423, 425. As stated in Patton, Iowa Land Title Examinations, 51 (1929), "To make a title to real estate unmarketable, so that specific performance of a contract to convey will not be enforced against the vendee, there must be a reasonable doubt as to its validity. If the doubt raise a question of law, it must be a fairly debatable oneone upon which the judicial mind would hesitate before deciding it. If the doubt depend on a matter of fact, and there is no doubt as to how the fact is, and if it may be readily and easily shown at any time, it does not make the title unmarketable." See also "Iowa Land Title Examination Standards," Iowa State Bar Ass'n, 11 (1963) ("Objections and requirements should be made only when the irregularities or defects actually impair the title or reasonably can be expected to expose the purchaser or lender to the hazard of adverse claims or litigation."); Marshall, Iowa Title Opinions & Standards, 117 (1963) ("An examining attorney should repeat over and over to himself, `I am not concerned with possibilities, but only with probabilities.'"); 55 Am.Jur. Vendor & Purchaser § 204 at 667 ("The hazard of litigation, to render the title to land unmarketable, must be a reasonable probability of litigation. The mere, bare possibility or remote probability that there may be litigation with respect to the title is not sufficient to render it unmarketable."); 92 C.J.S. Vendor & Purchaser § 191c at 30.
The Wheelers' claim is not that the executor is necessarily wrong in his reading of the will, but that a reasonable likelihood exists they will be subjected to litigation by testator's heirs. They rely on the principle stated in this passage from Holliday v. Arthur, 241 Iowa 1193, 1196-1197, 44 N.W.2d 717, 719: "When called upon to determine whether an abstract of title shows a merchantable title, unless the specific objections urged to the title have been definitely determined by the courts, or are so clear as to not generate a doubt, the court need not pass upon the merits thereof. It is sufficient if the court finds the objections urged, present a doubtful question which may submit the objector to good faith litigation regarding same. If so found, then under our acceptable standard of title, the same is not merchantable."
*216 The likelihood of future litigation turns on the degree of uncertainty about the title. The question raised by the devise before us has not been determined in this jurisdiction and involves a refined point in the law of wills. While the executor's authorities are cogent, the technical meaning of "heirs" cited by the Wheelers justifies their claim of a reasonable probability of future litigation. If litigation is to be, it ought to be now in the probate matter, rather than later against the Wheelers. In so concluding we do not suggest that we approve of overly-technical title objections or that we recede from the rule that a mere possibility of litigation does not render a title unmarketable.
We hold that this title is not marketable without a determination which is binding on testator's heirs. We therefore return the case to district court for a supplemental hearing on the executor's petition to sell real estate, upon notice to testator's heirs. If any party to such proceeding desires the court also to construe the will, he can tender that issue by appropriate pleading. Code, 1971, §§ 633.11, 633.389, 633.391.
Reversed and remanded with directions.